**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| State Bank of Bellingham, <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> BancInsure, Inc., n/k/a Red Rock Insurance Company, <br><br> Defendant and Counterclaim Plaintiff. | Case No. 13-cv-0900 (SRN/JJG) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

Jonathan M. Bye and Bryan R. Freeman, Lindquist & Vennum, PLLP, 4200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for Plaintiff.

Joseph A. Nilan, Mark J. Johnson, T. James Power, and Joshua A. Dorothy, Gregerson, Rosow, Johnson & Nilan, Ltd., 650 Third Avenue South, Suite 1600, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I. Introduction

This matter is before the Court on Plaintiff State Bank of Bellingham's Motion for Partial Summary Judgment, for Attorney's Fees and for Punitive Damages ("Motion") [Doc. No. 15]. For the reasons stated below, the Court finds that the Plaintiff is entitled to reasonable attorney's fees in the amount of $34,474.75.

## II. Background

The facts of this case were extensively recounted in the previous opinions and orders of this Court. They are briefly summarized here.

Plaintiff State Bank of Bellingham is a Minnesota bank with its principal place of business in Bellingham, Minnesota. (Compl. at ¶ 4 [Doc. No. 1].) Defendant BancInsure is an insurance company incorporated in the state of Oklahoma, with its principal place of business in Oklahoma City, Oklahoma. (Id. at ¶ 5.) Plaintiff was insured by Defendant under a financial institution bond that provided coverage for computer systems fraud. (Id. at ¶ 2.)

On October 28, 2011, Plaintiff was the victim of a remote hacking scheme and suffered a loss of $485,000. (Mem. Op. and Order dated Sep. 29, 2014 ("Sep. 29 Order") at 7 [Doc. No. 121].) Plaintiff notified Defendant of the loss the same day it happened and later submitted a detailed proof of loss claim on the financial institution bond that covered such losses. (Id.) After one year, Defendant still had not informed Plaintiff whether it would cover the claim. (Id. at 16.) On October 26, 2012, Plaintiff wrote to the Minnesota Department of Commerce ("MNDOC") seeking assistance in resolving its claim. (Id.) On March 6, 2013, Defendant notified Plaintiff that it had denied the claim. (Id.) Following the denial of coverage and correspondence with Defendant, the Commerce Department closed its file, as it appeared litigation was the most appropriate means to resolve the dispute. (Id. at 18.)

On April 19, 2013, Plaintiff commenced litigation for breach of contract, seeking coverage under the financial institution bond. (Id. at 19.) Defendant counterclaimed, asserting in relevant part that Plaintiff engaged in the tort of malicious prosecution by sending its October 26, 2012 letter to MNDOC. (Id.) Plaintiff moved for partial summary judgment on Defendant's malicious prosecution counterclaim, and for attorney's fees and

punitive damages pursuant to Minn. Stat. § 554.01, Minnesota's Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute. (See Mot.)

On September 29, 2014, this Court granted in part and denied in part Plaintiff's Motion. (Sep. 29 Order at 45.) In relevant part, Defendant's malicious prosecution claim was dismissed and Plaintiff was awarded reasonable attorney's fees. On October 3, 2014, Plaintiff submitted an affidavit and documentation of its reasonable attorney's fees and costs associated with bringing its Motion. (See Bye Aff. [Doc. No. 123].) Plaintiff asked for fees in the amount of $37,051. (Id. at ¶ 7.) On October 8, 2014, Defendant submitted an affidavit disputing the reasonableness of Plaintiff's claimed attorney's fees and costs. (See Nilan Aff. [Doc. No. 124].)

On October 28, 2014, Defendant appealed this matter to the Eighth Circuit Court of Appeals on issues unrelated to the dismissal of Defendant's malicious prosecution claim and the award of attorney's fees. The Eighth Circuit affirmed this Court's decision. (Appellate Op. at 2 [Doc. No. 132].) Accordingly, this Court must now resolve the parties' dispute about what constitutes a reasonable award of attorney's fees.

## III. Discussion

The starting point for determining reasonable attorney's fees is the calculation of a "lodestar" amount, which is found by "multiply[ing] the number of hours reasonably expended times the lawyer's regular hourly rate." Avalon Cinema Corp. v. Thompson, 689 F.2d 137, 139 (8th Cir. 1982).

### A. Hourly Rates

Plaintiff's attorney seeks an hourly rate of $550 for himself, as well as hourly rates

of $335, $280, and $270 for co-counsel. (Bye Aff. at ¶ 3.) Defendant argues that

Plaintiff's attorneys charged unreasonably high hourly rates; however, Defendant does

not provide any evidence supporting its claim, nor does Defendant argue what rates are

reasonable for the Twin Cities market. (Nilan Aff. at ¶ 6.)

Although a requesting attorney's regular hourly billing rate "provides a useful

starting point for determining a reasonable fee," this rate is not automatically accepted as

reasonable. McDonald v. Armontrout, 800 F.2d 1456, 1459 (8th Cir. 1988). Requested

rates must still be checked to ensure that they are "in line with those prevailing in the

community for similar services by lawyers of reasonably comparable skill, experience,

and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). "When determining

reasonable hourly rates, district courts may rely on their own experience and knowledge

of prevailing market rates." Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005).

In light of the Court's familiarity with the relevant market and the relative

experience of the attorneys at issue, the Court finds the rates of $550, $335, $280, and

$270 per hour to be reasonable.

## B. Hours Reasonably Expended

Defendant argues that Plaintiff's attorneys billed an unreasonable number of hours

for the work performed in light of the amount in controversy. (Nilan Aff. at ¶ 7.) In its

malicious prosecution counterclaim, Defendant only sought to recover $7,502. (Id.)

Plaintiff billed $37,051 for work related to the Motion, while Defendant billed $9,771.50.

(Id. at ¶ 11.)

"The most important factor in determining what is a reasonable fee is the

magnitude of the plaintiff's success in the case as a whole." Jenkins by Jenkins v. State of Mo., 127 F.3d 709, 716 (8th Cir. 1997). In general, the more successful a plaintiff, the more hours are reasonable to have expended. Id.

Defendant fails to provide persuasive evidence that Plaintiff billed an unreasonable number of hours. Defendant compares the dollar amounts that Plaintiff billed relating to the Motion to the dollar amount Defendant billed doing the same; however, Defendant does not compare the actual number of hours both parties expended. Furthermore, the simple fact that Plaintiff spent more hours than Defendant fighting the malicious prosecution counterclaim does not make those hours automatically unreasonable. "[T]he number of hours needed by one side to prepare adequately may differ substantially from that of opposing counsel because the nature of the work on each side may differ dramatically." Henson v. Columbus Bank & Trust Co., 770 F.2d 1566, 1574 (11th Cir. 1985). Ultimately, whether Plaintiff spent more hours than Defendant bringing the Motion is irrelevant as long as all of the hours billed were necessary and efficient. Harkless v. Sweeny Indep. Sch. Dist., 608 F.2d 594, 598 (5th Cir. 1979).

In this case, Plaintiff won its Motion; thus, it is reasonable for Plaintiff to have expended more hours than Defendant. Furthermore, none of Plaintiff's billed hours appear to be "redundant, inefficient, or simply unnecessary." Jenkins, 127 F.3d at 716. The Court finds that Plaintiff expended a reasonable number of hours related to bringing the Motion.

### C. Hours Spent on a Related Discovery Dispute

Defendant argues that Plaintiff's fees were unreasonable because Plaintiff sought

to recover attorney's fees incurred for a discovery dispute not directly associated with bringing the Motion for Partial Summary Judgment. (Nilan Aff. at ¶ 5.) The discovery dispute occurred after Plaintiff filed its Motion. Defendant argued that pursuant to the anti-SLAPP statute, the filing of Plaintiff's Motion automatically stayed all discovery in the case until the Motion was decided. (Def.'s Ltr. to Magistrate Judge at 2 [Doc. No. 26].) Plaintiff argued that only discovery related to the claims that were the subject of the Motion should be stayed; that is, only discovery related to the malicious prosecution claim should be stayed. (Pl.'s Ltr. to Magistrate Judge at 3 [Doc. No. 25].) The parties engaged in Informal Dispute Resolution ("IDR"). (Ltr. from Magistrate Judge Jeanne J. Graham [Doc No. 24].) Following IDR, discovery proceeded on all claims except for the malicious prosecution claim that was the subject of the Motion. (Bye Aff. at ¶ 5.)

Defendant argues that the discovery dispute related to all four claims between the parties and thus attorney's fees incurred by Plaintiff on the dispute were not associated with bringing the Motion. (Nilan Aff. at ¶ 5.) Since Plaintiff was only awarded reasonable attorney's fees and costs associated with bringing its Motion, Defendant contends that the costs Plaintiff incurred in the discovery dispute should not be allowed. (Id.) Plaintiff argues that the discovery dispute relates to the Motion because it was caused by Defendant adopting the position that all discovery should be stayed under the anti-SLAPP statute. (Bye Aff. at ¶ 5.)

Plaintiff's Motion was solely related to Defendant's malicious prosecution claim, but the discovery dispute at issue was related to all of the claims between the parties. The Court will therefore award only one quarter of Plaintiff's attorney's fees incurred during

the discovery dispute; that is, those related to the malicious prosecution claim. Plaintiff

seeks $3,435 in attorney's fees in connection with this discovery dispute. One quarter of

those fees is $858.75.   Thus, Plaintiff's attorney's fees and costs are reduced by

$2,576.25 from the requested amount of $37,051 to $34,474.75.

## IV. Order

Based on the submissions and the entire file and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Plaintiff's Motion for Partial Summary Judgment [Doc. No. 15] is GRANTED as
   follows:

   a. Plaintiff is awarded its reasonable attorney's fees in the amount of
      $34,474.75.


Dated: July 19, 2016                                s/ Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge